IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP M. ARMIJO,

    Plaintiff,

vs.                                    Case No. 1:17-cv-574 WJ/SCY

SANTA FE COUNTY,
WARDEN DEREK WILLIAMS, Individually and
in his Official Capacity, CITY OF SANTA FE, and
SANTA FE POLICE OFFICER ANTHONY CURREY,
Individually and in his Official Capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
### and
## DISMISSING FROM COUNT 3 DEFENDANTS SANTA FE COUNTY AND DEREK WILLIAMS IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

THIS MATTER comes before the Court upon a Motion for Judgment on the Pleadings as to Count 3 Based in Part on Qualified Immunity, filed by Defendants Santa Fe County and Derek Williams ("Defendants") on July 25, 2017 (**Doc. 10**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is granted.

### BACKGROUND

Plaintiff brings tort claims under the New Mexico Tort Claims Act against all Defendants and a claim for constitutional violations under 42 U.S.C. §1983 against Defendants Derek Williams and Anthony Carey. Plaintiff alleges that he was falsely arrested on March 8, 2016 by Defendant Currey, a City of Santa Fe police officer, and that he was arrested on a warrant for his deceased brother. The complaint alleges that he explained the situation to Officer Currey and

provided proof that he was not John Currey, but the officer arrested him anyway. Plaintiff was taken to the Santa Fe County Adult Detention Facility ("detention facility") where Plaintiff also "explained to the jailer that he was falsely arrested and presented to the agent [of the detention facility] his identifying information. Compl., ¶ 18. Plaintiff asserts that despite his explanation of false arrest and the presentation of his identifying information, the detention facility, "under the supervision of Warden Derek Williams proceeded to detain and falsely imprison" him for two days. Compl., ¶¶19, 21. The Complaint asserts nine counts:

Count 1: False Arrest against Defendant Currey;

Count 2: False Imprisonment against Defendant Williams;
Count 3: Violation of the Fourth Amendment to the United States Constitution for false arrest and imprisonment;

Count 4: Negligence against Defendants City of Santa Fe and Defendant Currey;

Count 5: Negligence against Defendants Santa Fe County and Defendant Williams;

Count 6: Respondeat Superior Liability against City of Santa Fe;

Count 7: Respondeat Superior Liability against Santa Fe County;

Count 8: Negligent Hiring, Training, and Supervision Against the City of Santa Fe;

Count 9: Negligent Hiring, Training and Supervision against Santa Fe County and Defendant Williams.

## DISCUSSION

In this motion, Defendants seek their dismissal from Count 3 only. They contend that Count 3 fails to state a plausible claim upon which relief can be granted against either of them. Count 3 has been brought against Defendant William in both his individual capacity and his official capacity. Also, Defendant Williams asserts the defense of qualified immunity.

**I.     Legal Standards**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed" but early enough not to delay trial, a party may move for judgment on the pleadings. A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G.&Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions are not to be considered by the Court in evaluating a motion to dismiss. *Id*. Mere labels, conclusions or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. *Id*. at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level"). In ruling on a motion to dismiss a complaint or specific claims, therefore, the Court should "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Defendants raise the defense of qualified immunity. This defense shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face, under the *Iqbal-Twombly* standard. *Shero v. City of Grove*, *Okl.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544). In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged in a complaint "make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011). Further, courts have discretion to determine which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

**II.     Analysis**

Count 3 appears to be the sole federal count in the complaint. All other counts are specifically framed as *respondeat superior* claims (Counts 6 & 7), negligence claims (Counts 4, 5, 8 & 9), or state tort law claims of false arrest and false imprisonment (Counts 1 & 2). Count 3 asserts a "Violation of civil Rights – 42 U.S.C. §§1983 and states as follows:

> 22. Plaintiff reincorporates and re-alleges each and every allegation contained in this Complaint, whether set forth above or below, as if fully set forth herein.
>
> 23. Plaintiff alleges that his constitutional rights, privileges and immunities have been violated.
>
> 24. Falsely arresting and falsely imprisoning Plaintiff was unreasonable under the prevailing circumstances and thus violated Plaintiff's rights guaranteed under the 4th Amendment to the United States Constitution.

Doc. 1 at 4.

    A.     <u>Dismissal of Defendant Williams in his Official Capacity</u>

Defendants first contend that the complaint does not state a plausible claim against Defendant Williams in his official capacity because the same legal standards would apply to

Plaintiff's claims against the entity being sued as well. The Court agrees that naming Defendant Williams in his official capacity is unnecessary and redundant and that there can be no claim asserted against this defendant apart from the claim asserted against the governmental entity. For purposes of claims brought under §1983, a lawsuit naming Defendant Williams in his official capacity is the same as a lawsuit against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (official capacity suit is treated as a suit against the state); *Greiss v. Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988). Therefore, Defendant Williams is dismissed from Count 3 in his official capacity.

    B.    <u>Municipal Liability</u>

Next, Defendants claim that the complaint does not contain any allegations regarding a county policy or custom that caused Plaintiff's unconstitutional false arrest and/or false imprisonment.

Municipalities or governmental entities are subject to § 1983 liability only for their official policies or customs, the execution of which causes a plaintiff's injuries. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)). For example, when a claim is brought against a municipality for failing to train its officers adequately, the plaintiff must show that the municipality's inaction was the result of deliberate indifference to the rights of its inhabitants. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

Plaintiff concedes that a city or county cannot be held liable for constitutional violations on a *respondeat superior* basis. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 710 (1989); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211 (10th Cir. 2007). Nevertheless, Plaintiff insists that the Complaint includes both municipal liability *and* supervisory liability claims, and

that Defendants "ignore the remainder of the Complaint" [which the Court assumes to be the other eight counts] regarding vicarious liability, failure to train, and failure to supervise." Doc. 23 at 6.[1] Plaintiff contends that both failure to train and failure to supervise are both "sufficient grounds" for §1983, and here Plaintiff is indeed legally correct—except there is no claim vaguely resembling a municipal liability claim anywhere in the actual complaint filed by Plaintiff.

First, Count 3 (ostensibly the *only* federal claim in the Complaint) merely makes the general assertion that "falsely arresting and falsely imprisoning Plaintiff was unreasonable . . . and thus violated Plaintiff's rights guaranteed under the 4th Amendment to the United States Constitution." Compl., ¶24. There is no mention of any custom or policy that is allegedly responsible for the violation of Plaintiff's constitutional rights. Second, even if the Court were to look elsewhere in the Complaint to ferret out a municipal liability claim, no municipal liability claim would be found. The only references to a failure to train or supervise are contained in state law negligence-based claims or claims specifically asserting *respondeat superior* (Counts 8 & 9). Third and equally confusing, is that while a plaintiff must show that the municipality's inaction was the result of "deliberate indifference," the only reference to "deliberate indifference" in the Complaint is within Counts 6 and 7 (¶¶38 and 42, respectively), both *respondeat superior* claims—which even Plaintiff has acknowledged cannot support a §1983 claim against a governmental entity.

Plaintiff's counsel suggests that if one looks hard enough, one can find a municipal liability claim. However, as the Court has just explained, not only does Count 3 fail to plausibly

---

[1] It is entirely unclear why Plaintiff would acknowledge that municipal liability claims under §1983 cannot be premised on a *respondeat superior* basis, and then two paragraphs later appear to suggest that *vicarious* liability would provide legal grounds for such claims. *See* Doc. 23 at 5 and 6.

6

allege a municipal liability claim, but there is no count anywhere in the Complaint that does so. As a result the Court grants Defendant Santa Fe County its request to be dismissed from Count 3.

    C.    <u>Defendant Williams in his Individual Capacity</u>

Defendant Derek Williams was the warden of the detention facility at the time of the underlying events and Plaintiff has sued him in his official capacity as well as his individual capacity based on his supervisory role at the facility. He contends that the Complaint fails to plausibly allege facts suggesting that he is liable.

Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation. *See Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988) (to succeed on a complaint brought pursuant to 42 U.S.C. §1983, plaintiffs must allege some personal involvement by defendants in the constitutional violation); *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Plaintiff acknowledges that a supervisor may be held liable only for his or her "own personal, individual misconduct" but maintains that it is not yet known what role Defendant Williams played in the false imprisonment of Plaintiff and hopes to ascertain this during discovery. Doc. 23 at 7.

What discovery may or may not eventually uncover has no bearing on a plaintiff's obligations up front in the pleading stage. While direct participation is not necessary for liability under §1983, the requisite causal connection can be satisfied if the defendant "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Buck v. City of Albuquerque,* 549 F.3d 1269, 1279-1280 (10th Cir. 2008). A plaintiff may satisfy this standard by showing that the supervisor personally directed the alleged violation or had actual knowledge of the violation and acquiesced in its continuance. *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996); *see Dodds v.*

7

*Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010) (a plaintiff is allowed to impose liability on a defendant-supervisor who "creates, promulgates, implements, or in some other way possesses the enforcement of which . . . causes that plaintiff to be subjected to the deprivation of any rights secured by the Constitution").

Count 3 contains no factual allegations which give even a passing nod to this standard. There is no fact stating that Defendant Warden was responsible as a supervisor for the alleged constitutional deprivation. The Complaint contains the phrase "under the supervision of" in some of the other counts, but this is tantamount to a pure *respondeat superior* claim and insufficient for a supervisory liability claim brought under §1983. Moreover, there is no mention of Defendant Williams, or of *any* Defendant for that matter, in Count 3. This omission is a problem in itself:

> In § 1983 cases in which defendants include a government agency and a number of government actors sued in their individual capacities, it is particularly important, under notice pleading rule, that the complaint make clear exactly who is alleged to have done what to whom to provide each individual defendant with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). Given the fact that Count 3 is the *only* federal claim alleged in the Complaint, it becomes rather critical for the Plaintiff to include any factual assertions underlying a §1983 supervisory liability claim in that particular count. Also, any reference to supervisory liability in any of the other counts, which are all grounded in state law, could not plausibly allege a supervisory liability claim under §1983. Therefore, Defendant Williams is dismissed from Count 3.

D.  Other Observations

Defendants' motion requests relief as to only one of the nine counts asserted in the Complaint, yet the Court found it necessary to wade through a considerable amount of

extraneous material presented by Plaintiff's counsel. The response contains an inordinately massive amount of black-letter law on various types of §1983 claims, considering the specific issues raised in Defendants' motion, but it presents no suitable answer as to why Count 3 does not assert a viable federal claim against either of the two movants.

The Court suspects that the Complaint's infirmities do not stem from an oversight on the part of Plaintiff's counsel, but rather from a patent unfamiliarity with federal constitutional law. Unfortunately for Plaintiff, it is not the Court's role to shore up the complaint by liberally construing it, because Plaintiff is represented by counsel. *See Shah v. County of Los Angeles,* 797 F.2d 743, 745 n. 1 (9th Cir.1986) (declining to broaden complaint of plaintiff represented by counsel); *cmp. Healey v. Scovone*, 1999 WL 535298, 1 (10th Cir. 1999) (federal courts are to liberally construe "inartful pleading" of pro se litigants) (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)).

Finally, the Court cannot help but comment on the generally rambling and overlapping nature of the counts in the Complaint. For example, Counts 4, 6 and 8 are all asserted against the City of Santa Fe based on the same conduct of Defendant Currey, and all allege either failure to supervise or *respondeat superior*. Similarly, Counts 5, 7 and 9 allege either negligence or *respondeat superior* against Santa Fe County. The Court can only hope that the pleadings submitted by Plaintiff's counsel in the future show some effort on his part to become more familiar with the relevant law for the remaining counts.

Based on these observations, the Court has decided to make this ruling without the filing of a reply by Defendants, as Plaintiff's response has not raised any issues worth addressing.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings as to Count 3 Based in Part on Qualified Immunity **(Doc. 10)** is hereby GRANTED in that:

(1) Defendant Derek Williams is dismissed from Count 3 in his official and individual capacity; and

(2) Defendant Santa Fe County is dismissed from Count 3.

_____
UNITED STATES DISTRICT JUDGE